# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: ED CV 22-00542-AB (PDx) | Date: September 1, 2022 |

Title: *San Bernardino County Public Administrator v. Jeffalyn Giles* et al.

---

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER GRANTING MOTION TO REMAND AND REMANDING ACTION TO STATE COURT**

Before the Court is Plaintiff San Bernardino County Public Administrator's ("Plaintiff") unopposed Motion to Remand ("Motion," Dkt. No. 33). Having reviewed the Complaint and Defendant Jeffalyn Giles's ("Defendant") Notice of Removal ("Notice," Dkt. 1), the Court hereby **GRANTS** the Motion and **REMANDS** the action to state court.

A defendant may remove a case filed in state court to federal court only if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction when a case "arises under" federal law, and when diversity jurisdiction exists. 28 U.S.C. §§ 1331–1332. A case "arises under" federal law when the "well-pleaded complaint establishes either that federal law creates the cause of action" or that plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. C. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Additionally, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs," and the dispute is between "citizens of different states."[1]  28 U.S.C. § 1332.

The Court finds removal improper, because this action could not have been originally filed in federal court.  Plaintiff's complaint states a single cause of action for unlawful detainer, which does not arise under federal law.  *Galileo Fi. v. Miin Sun Park*, No. 09–1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Diversity jurisdiction also does not exist.  There is no diversity between the parties, because both Plaintiff and Defendant are California residents.  Moreover, removal on the basis of diversity jurisdiction is not proper because Defendants reside in the forum state.  28 U.S.C. § 1441(b).

Additionally, the amount in controversy is less than $75,000.  "[I]n removed diversity cases where the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than $50,000, 'the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.'"  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (citations omitted).

Plaintiff's complaint is for a limited civil case, meaning the recovery is for less than $25,000, and Plaintiff expressly waived "all monetary amounts in excess of $10,000."  *See* Cal. Civ. P. § 85; Compl. at ¶ 19.  However, Defendant filed with her notice a Civil Cover Sheet, on which she indicated that the "money demanded in the complaint" is "$5,000,000."  This figure appears to be derived from her Notice, wherein she requested that the Court grant "a judgement in the amount of $5,000,000," presumably in favor of Defendant.  Even assuming that damages from counterclaims could be counted towards the amount in controversy,[2]

---

[1] Diversity of citizenship may also be established on other grounds that are not relevant here. See 28 U.S.C. § 1332.

[2] *See HSBC Bank USA, N.A. v. Bryant*, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *4, n.5 (S.D. Cal. Nov. 10, 2009) ("[T]he Court notes that the great weight of authority is against allowing the defendant's potential recovery to support diversity jurisdiction where the plaintiff's claimed damages, by themselves, are below the jurisdictional amount—at least in the context of jurisdiction upon removal.")

Defendant does not explain the basis for this request. Defendant's Notice includes vague references to "crimes committed against Defendant," but does not explain what laws, ordinances, or duties were breached.[3] Because Defendant has not asserted any facts supporting her claim of $5,000,000, she has not made "plausible allegation[s] that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Accordingly, the Court **GRANTS** the Motion and **REMANDS** the action to state court. The Court **ORDERS** the Clerk to send a certified copy of this Order to the state court.

**IT IS SO ORDERED**.

---

3 On the Civil Cover Sheet, Defendant marked several boxes under Section VII, "Nature of Suit." These elections are unrelated to the cause of action in the Complaint, and Defendant alleges no facts in her Notice supporting these elections.